| UNITED STATES DISTRICT COURT | C/M |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

------------------------------------------------------------ X
                                            :

NEHEMIAH ROLLE,                 :
                Plaintiff,         :    **MEMORANDUM DECISION AND**
        - against -               :    **ORDER**
                                            :

ANNA Y. SHIELDS,             :    16 Civ. 2487 (BMC)(LB)
                Defendant.[1]  :
                                            :

------------------------------------------------------------ X

**COGAN**, District Judge.

Plaintiff Nehemiah Rolle, appearing *pro se*, filed this action against United States Magistrate Judge Anne Y. Shields. Plaintiff paid the filing fee to commence this action. The complaint is dismissed.

## BACKGROUND

This case relates to a previously filed action by plaintiff, <u>Rolle v. Hardwick</u>, No. 14-CV-5247 (E.D.N.Y.) ("<u>Hardwick</u>"). An entry of default was entered in that case against defendant Hardwick for failing to appear, and plaintiff moved for default judgment. However, Magistrate Judge Shields issued a Report and Recommendation to District Judge Seybert recommending denial of the motion for a default judgment and that the defendant should be allowed to file a late answer. Apparently upset by that Report and Recommendation,[2] plaintiff sued Magistrate Judge Shields in the instant case, alleging various constitutional violations in connection with her conduct while presiding over <u>Hardwick</u>. Plaintiff seeks the removal of Magistrate Judge Shields "from all of the Plaintiff's cases" and a declaratory judgment.

---

[1] The Court understands that plaintiff intended to name Magistrate Judge Anne Y. Shields notwithstanding the misspelling of her first name in the complaint.

[2] That action has since been reassigned to the undersigned. Noting that no objections had been filed, I adopted the Report and Recommendation, and denied plaintiff's motion for default judgment for the reasons stated therein. See <u>Hardwick</u>, No. 02:14-CV-5247, Dkt. No. 29.

# STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Iqbal, 556 U.S. at 678), aff'd, 133 S. Ct. 1659 (2013). Although all allegations contained in the complaint are assumed to be true, this tenet is inapplicable to legal conclusions. See Iqbal, 556 U.S. at 678.

In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

Even if plaintiff has paid the court's filing fee, a district court may dismiss the action, *sua sponte*, if it determines that the action is frivolous. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 263 (2d Cir. 2000). An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory. See Denton v. Hernandez, 504 U.S. 25 (1992); Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2d Cir. 1998).

# DISCUSSION

It is well-settled that judges have absolute immunity from suit for judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted). This absolute "judicial immunity is not overcome by allegations of bad faith or

malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Id. at 11 (quoting Stump v. Sparkman, 435 U.S. 349, 356 (1978)); see also Bliven v. Hunt, 579 F.3d 204 (2d Cir. 2009). Moreover, in cases of judicial immunity, a Court may dismiss a complaint, *sua sponte*, without affording a hearing or other notice of dismissal. See Tapp v. Champagne, 164 F. App'x 106 (2d Cir. 2006) (summary order) (affirming *sua sponte* dismissal of § 1983 claims against judges protected by absolute immunity).

Here, plaintiff's allegations relate to actions taken by Magistrate Judge Shields in her judicial capacity; therefore, she is entitled to absolutely immunity from suit for her conduct. Accordingly, plaintiff's claims against Magistrate Judge Shields are clearly frivolous. Plaintiff's attempt to seek injunctive and declaratory relief, rather than damages, does not alter the Court's conclusion. See Huminski v. Corsones, 396 F.3d 53 (2d Cir. 2004) (injunctive relief); Guerin v. Higgins, 8 F. App'x 31 (2d Cir. 2001) (declaratory). The complaint is dismissed as frivolous.

## LITIGATION HISTORY

Plaintiff is no stranger to this Court. In addition to this case, he has filed 19 other actions: Rolle v. Nassau Community College, No. 95-CV-203 (DRH) (closed Dec. 16, 1998); Rolle v. Fanelli, No. 96-CV-585 (DRH) (closed Dec. 16, 1998); Rolle v. Nassau County, No. 99-CV-2587 (DRH) (closed Apr. 16, 2002); Rolle v. DeRiggi, No. 00-CV-3872 (DRH) (closed Jan. 30, 2001);Rolle v. Nassau County Correctional Facility, No. 01-CV-2414 (DRH) (closed Nov. 18, 2004); Rolle v. Meenan, No. 01-CV-2719 (DRH) (closed July 30, 2001); Rolle v. Cassidy, No. 01-CV-3172 (DRH) (closed June 4, 2001); Rolle v. Judge Honorof, No. 01-CV-6667 (DRH) (closed Mar. 11, 2002); Rolle v. Judge Ruskin, No. 02-CV-3829 (DRH) (closed Sept. 5, 2003); Rolle v. McCarthy, No. 02-CV-4398 (DRH) (closed Oct. 24, 2007); Rolle v. Judge Ort, No. 02-CV-4171 (DRH) (closed Aug. 29, 2003); Rolle v. Judge LaPera, No. 03-CV-1540 (DRH) (closed Apr. 23, 2004); Rolle v. Kurtzrock, No. 03-CV-1789 (DRH) (closed Mar. 15, 2004); Rolle v.

Judge Carter, No. 03-CV-2039 (DRH) (closed Dec. 9, 2003); Rolle v. Judge Berkowitz, No. 03-CV-3535 (DRH) (closed July 6, 2007); Rolle v. Magistrate Judge Boyle, No. 05-CV-3362 (JS) (closed Oct. 5, 2005); Hardwick, No. 14-CV-5247 (BMC) (pending); Rolle v. Judge Girardi, No. 15-CV-1745 (JS) (closed Mar. 4, 2016); Rolle v. Paternostro, No. 15-CV-5205 (AMD) (pending). Nine of the cases, including this action, have been filed against state or federal judicial officers. See Rolle v. Judge Honorof, No. 01-CV-6667; Rolle v. Judge Ruskin, No. 02-CV-3829; Rolle v. Judge Ort, No. 02-CV-4171; Rolle v. Judge LaPera, No. 03-CV-1540; Rolle v. Judge Carter, No. 03-CV-2039; Rolle v. Judge Berkowitz, No. 03-CV-3535; Rolle v. Magistrate Judge Boyle, No. 05-CV-3362; Rolle v. Judge Girardi, No. 15-CV-1745.

The Court will not tolerate any further frivolous litigation. "The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted); Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (*per curiam*) (district court may enjoin parties from filing further lawsuits upon notice and an opportunity to be heard); Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction). In light of plaintiff's litigation history, he is warned that he must refrain from filing any further frivolous actions or risk the imposition of a filing injunction. Such an injunction would prohibit him from filing any further actions in this district without prior court approval.

## **CONCLUSION**

Accordingly, the complaint is dismissed as frivolous. Since the complaint is devoid of any basis in law or fact, defects of which cannot be cured by amendment, leave to amend is denied.

Although plaintiff has paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438 (1962).

The Clerk of Court is directed to enter judgment dismissing this action and to close this case.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
June 1, 2016